1  Joon M. Khang (CSBN 188722)
2  **KHANG & KHANG LLP**
   1901 Avenue of the Stars, 2nd Floor
3  Los Angeles, California 90067
4  Telephone: (310) 461-1342
   Facsimile: (310) 461-1343
5  Email: joon@khanglaw.com
6
7  Attorneys for Petitioning Creditors RFF Family Partnership, LP,
        Annie Ekshian, and Ovsanna Ekshian
8
9              **UNITED STATES BANKRUPTCY COURT**
10      **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**
11  In re                                    )  Case No.: 2:11-bk-31618-RN
                                             )
12  GARTEL CORP.,                            )  Involuntary Chapter 11
                                             )
13              Debtor.                      )  **NOTICE OF MOTION AND MOTION FOR**
                                             )  **RECONSIDERATION AND TO VACATE**
14                                           )  **ORDER DISMISSING INVOLUNTARY**
                                             )  **CHAPTER 11 CASE; MEMORANDUM OF**
15                                           )  **POINTS AND AUTHORITIES;**
                                             )  **DECLARATION OF JOON M. KHANG**
16                                           )
17                                           )
                                             )  Date:  March 30, 2011
18                                           )  Time:  9:00 a.m.
                                             )  Ctrm:  1645
19                                           )         255 E. Temple St.
20                                           )         Los Angeles, CA 90012
                                             )
21                                           )
                                             )
22  _____)
23
24  **TO THE HONORABLE RICHARD M. NEITER, THE OFFICE OF THE UNITED**
25  **STATES TRUSTEE, THE DEBTOR AND OTHER PARTIES INTEREST:**
26       **PLEASE TAKE NOTICE** that petitioning creditors RFF Family Partnership, LP, Annie
27  Ekshian and Ovsanna Ekshian (the "Petitioning Creditors") in the above-captioned involuntary
28

                                             1

1    chapter 11 case (the "Chapter 11 Case"), hereby move (the "Motion") for the entry of an order

2    vacating the dismissal of the Chapter 11 Case pursuant to Rule 9024(b) of the Federal Rules of

3    Bankruptcy Procedure.

4    　　　As set forth in the accompanying Memorandum of Points and Authorities (the

5    "Memorandum") and the Declaration of Joon M. Khang (the "Khang Declaration"), the case was

6    improperly dismissed.    This Motion is based upon these moving papers, the attached

7    Memorandum, the Khang Declaration, and the record in the Chapter 11 Case.

8    　　　**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion has been scheduled

9    for March 30, 2011 at 9:00 a.m. before the Honorable Richard M. Neiter, United States

10   Bankruptcy Judge in his Courtroom 1645, 16th floor, 255 E. Temple St., Los Angeles, CA 90012.

11   　　　**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 9013-1(f) of the Local

12   Bankruptcy Rules for the United States Bankruptcy Court for the Central District of California (the

13   "Local Rules"), if you wish to oppose this Motion, you must file a written response with the Court

14   and serve a copy of it on the undersigned counsel for the Petitioning Creditors and the United

15   States trustee no later than 14 days prior to the hearing.    Pursuant to Local Rule 9013-1(h), the

16   failure to file and serve a timely written opposition to the Motion may be deemed to constitute

17   consent to the relief requested in the Motion.

18   　　　**WHEREFORE**, the Petitioning Creditors request the entry of an order vacating the

19   dismissal of the Chapter 11 Case.

20   DATED: February 14, 2011              KHANG & KHANG LLP

21

22                                        By: _____

23                                            Joon M. Khang

24                                        Attorneys for Petitioning Creditors
                                          RFF Family Partnership, LP, Annie Ekshian, and
25                                        Ovsanna Ekshian

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

The Petitioning Creditors filed an involuntary petition for relief under chapter 11 of the Bankruptcy Code on January 27, 2011 (the "Petition Date"). Attached as Exhibit "A" to the Declaration of Joon M. Khang (the "Khang Declaration"), which is attached hereto is a true and correct copy of the involuntary petition for the Court's review. A summons was issued on January 28, 2011, then an order dismissing the case (the "Dismissal Order") was entered on January 28, 2011. Attached as Exhibit "B" to the Khang Declaration is a true and correct copy of the Dismissal Order for the Court's review.

The Dismissal Order simply states as follows:

> "It appears the above entitled bankruptcy case was filed by both debtor's. An order was entered on 12/28/2010 to dismiss Mesrop Avanousian's prior bankruptcy case, number 2:10-bk-55744-VZ.

> The dismissal order contains a prohibition against debtor being a bankruptcy debtor for:

> * * *

> Under debtor files a Motion to request permission to file a new bankruptcy case, the Motion is served on all creditors and set for hearing, and the court grants the Motion."

*See*, Dismissal Order, p. 1.

The Dismissal Order does not make sense because this is an involuntary case filed by creditors of Gartel Corp. (the "Debtor"). "Mesrop Avanousian" is not the debtor herein and is unknown to the Petitioning Creditors. However, the referenced case number (Case No. 2:10-bk-55744-VZ) refers to a prior voluntary chapter 11 case filed by the Debtor (the "Debtor's Voluntary Case") and dismissed by the court. The Debtor's Voluntary Case was dismissed on or about December 28, 2010, by order of the Court, when the Court granted the United States Trustee's Motion to Dismiss Under 11 U.S.C. § 1112(b) (the "U.S. Trustee Motion"). Attached as Exhibit "C" to the Khang Declaration is a true and correct copy of the Order granting the U.S. Trustee Motion for the Court's review.

3

The Order granting the U.S. Trustee Motion prohibits the Debtor from filing a new chapter 11 bankruptcy petition unless certain conditions are met and provides as follows:

> " . . . in accordance with 11 U.S.C. § 349, the Debtor is prohibited from filing any new chapter 11 petition unless the Debtor first obtains a further order of this Court by filing a motion served on all creditors and set on regular notice. The motion must be supported by admissible evidence showing that Debtor has the ability to fully comply with its duties as a debtor in possession and showing Debtor has a reasonable ability to confirm a plan of reorganization."

*See*, Order granting U.S. Trustee Motion at p. 2.

The Petitioning Creditors are legitimate creditors of Debtor entitled to file an involuntary petition against the Debtor. The Petitioning Creditors were listed in the Debtor's list of 20 largest unsecured creditors in the Debtor's voluntary chapter 11 case. Attached as Exhibit "D" to the Khang Declaration is a true and correct copy of the Debtor's list of 20 largest unsecured creditors from the Debtor's voluntary chapter 11 case (Case No. 2:10-bk-55744-VZ) for the Court's review.

There is nothing contained in the Order granting the U.S. Trustee Motion which prohibits creditors from filing an involuntary petition against the Debtor.

## II.

## ARGUMENT

**A.    This Court is Authorized to Grant the Relief Requested Herein Pursuant to the Rule 9024(b) of the Federal Rules of Bankruptcy Procedure.**

Rule 9024(b) of the Federal Rules of Bankruptcy Procedure ("FRBP") provides in relevant part as follows:

> ""On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, excusable neglect;
>
> ****
>
> or
>
> (6) any other reason that justifies relief."

4

1  FRBP, Rule 9024(b).

2       In this case, the Petitioning Creditors assert that the Dismissal Order (dismissing the instant

3  involuntary case) was entered by mistake as the Order granting the U.S. Trustee Motion did not

4  apply to creditors filing an involuntary chapter 11 petition against the Debtor.    Accordingly, this

5  Court should vacate the Dismissal Order.

6  **B.**    **The Petitioning Creditors are Eligible to File an Involuntary Petition Against the**

7  **Debtor.**

8       Section 303(b) provides in relevant part as follows:

9       "(b) An involuntary case against a person is commenced by the
        filing with the bankruptcy court of a petition under chapter 7 or 11
10      of this title –

11      (1) by three or more entities, each of which is either a holder or a
        claim against such person that is not contingent as to liability
12      or the subject of a bona fide dispute as to liability or amount, or
        an indenture trustee representing such a holder, is such
13      noncontingent, undisputed claims aggregate at least $13,475
        more than the value of any lien on property of the debtor
14      securing such claims held by the holders of such claims; . . ."

15  11 U.S.C. § 3030(b).

16       In this case, the Petitioning Creditors are admittedly creditors holding far in excess of

17  $13,475 requisite amount in claims.    The total amount of claims of the Petitioning Creditors is

18  $431,000.    (*See*, Exhibits "A" and "D" attached to the Khang Declaration.)    Therefore, the

19  involuntary petition was proper and filed by the requisite number of creditors holding the requisite

20  amount of claims.

21  **C.**    **There is No Just Cause for Dismissing the Involuntary Petition Sua Sponte.**

22       The Court dismissed the involuntary case herein sua sponte, without notice and an

23  opportunity for a hearing and without just cause.    If the basis for the Court's dismissal of this

24  involuntary case was the Court's prior order granting the U.S. Trustee Motion, then there is no

25  basis for the dismissal here.    Nothing contained in the order granting the U.S. Trustee Motion

26  prohibits the filing of an involuntary petition by creditors of the Debtor.    (*See*, Exhibit "D"

27  attached to the Khang Declaration.)    Therefore, the order dismissing this involuntary case should

28  be vacated, the automatic stay should be reinstated, and a new summons should be issued.

5

1

### III.

### CONCLUSION

WHEREFORE, the Petitioning Creditors respectfully request the entry of an order:  (1) vacating the Court's prior order dismissing this involuntary chapter 11 case; (2) reinstating the automatic stay under 11 U.S.C. § 362; (3) for issuance of a new summons; and (4) granting such other and further relief that this Court deems necessary and appropriate.

DATED: February 14, 2011        KHANG & KHANG LLP


By: _____
        Joon M. Khang
        Attorneys for Petitioning Creditors
        RFF Family Partnership, LP, Annie Ekshian, and
        Ovsanna Ekshian

## DECLARATION OF JOON M. KHANG

I, Joon M. Khang, declare:

1.      I am a partner with the law firm of Khang & Khang LLP ("K&K"), with offices at 1901 Avenue of the Stars, 2nd Floor, Los Angeles, CA 90067. I am admitted to practice in all courts in the State of California and in the United States District Court for the Central District of California. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently thereto.

2.      My office represents the petitioning creditors RFF Family Partnership, LP, Annie Ekshian, and Ovsanna Ekshian (the "Petitioning Creditors ") herein.

3.      On behalf of the Petitioning Creditors, I filed an involuntary petition for relief under chapter 11 of the Bankruptcy Code on January 27, 2011 (the "Petition Date"). Attached hereto as Exhibit "A" and incorporated herein by reference is a true and correct copy of the involuntary petition for the Court's review. A summons was issued on January 28, 2011, then an order dismissing the case (the "Dismissal Order") was entered on January 28, 2011. Attached hereto as Exhibit "B" and incorporated herein by reference is a true and correct copy of the Dismissal Order for the Court's review.

4.      After reviewing the Dismissal Order, I looked up the online case docket on PACER for the voluntary chapter 11 case of the debtor, Gartel Corp. (the "Debtor") and obtained a copy of the order granting the U.S. Trustee's Motion to Dismiss (the "U.S. Trustee Motion") the Debtor's prior voluntary chapter 11 case. Attached hereto as Exhibit "C" and incorporated herein by reference is a true and correct copy of the Order granting the U.S. Trustee Motion for the Court's review.

5.      I also obtained a copy of the list of 20 largest unsecured creditors from the Court's online docket. The Petitioning Creditors were listed in the Debtor's list of 20 largest unsecured creditors in the Debtor's voluntary chapter 11 case.    Attached hereto as Exhibit "D" and incorporated herein by reference is a true and correct copy of the Debtor's list of 20 largest

unsecured creditors from the Debtor's voluntary chapter 11 case (Case No. 2:10-bk-55744-VZ) for the Court's review.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of February 2011, at Los Angeles, California.

_____
Joon M. Khang